IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-CV-00089

| | |
|---|---|
| CARMELA CLAWSON, <br><br> Plaintiff, <br><br> vs. <br><br> ALLERGAN USA, INC., <br><br> Defendant. | **STIPULATED PROTECTIVE <br> ORDER ON CONFIDENTIALITY** |

This matter is before the Court on the parties' Consent Motion for Entry of Protective Order on Confidentiality (Doc. 16). The Motion is allowed and the parties' proposed Order is approved, as amended, herein.

---

### Purpose and Scope

The purpose of this Stipulated Protective Order ("Order") is to govern the parties' handling and disclosure of personal and proprietary information during discovery and mediation. This Order does not govern testimony at any trial or hearing; nor does this Order govern any tangible thing that may be offered into evidence at any trial or hearing. Nothing in this Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court

in making its decisions. Nothing in this Order should be read as authority to file any document under seal without prior authorization from this Court or the Circuit Court.

## Definition of Confidential Information

1. "Confidential Information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order. For purposes of this Order, "Confidential Information" means proprietary, business, commercial, financial and/or personal information, including but not limited to employee personnel files, pay information, medical records, drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other competitively sensitive materials, financial records, information about disabilities, tax returns, retirement benefits, customer information, and other personal or financial information relating to third parties. "Confidential Information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, and other information furnished by or on behalf of any party in connection with this litigation that falls within the scope of this Order. Confidential Information does not include information or documents

that (1) were properly and lawfully obtained, publicly available and/or in the public domain at the time of disclosure; (2) become publicly available and/or part of the public domain through no fault of a receiving party; or (3) were in the possession of or already known to the receiving party at or before the time of disclosure as a result of proper means.

## Designation of Information as Confidential

2. The party producing any documents or information, including that it received in response to a third-party subpoena, subject to this Order shall have the right to use its discretion in designating materials to be Confidential Information as defined herein. However, the party shall be obligated to designate only documents or information that it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations. If any party produces a document that should have been designated as confidential but was not designated as such, that party may subsequently designate the document as confidential by notifying all parties in writing within thirty (30) days after discovery of its failure to designate and by providing copies of such document bearing a confidential designation. Upon the designation of any material as confidential, all originals, copies,

reproductions, and duplications of such material shall be subject to the provisions of this Order.

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL.  In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced.  When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of one of the Defendant's present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order.  Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript that are confidential.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  All depositions shall be treated as confidential for a period of at least

fifteen (15) days after a full and complete transcript of said deposition is available.

## Use of Confidential Information

5.   Confidential Information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

(a)   Counsel for any party, the legal associates, and clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;

(b)   Agents, representatives and employees of any party, as is necessary to prepare this case for litigation;

(c)   Personnel, contractors, or vendors providing graphics, design, photocopy, document imaging, document processing, translation, litigation support, and/or database services to the parties or the parties' counsel;

(d)   Subject to the provisions of Paragraph 6 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(e)   A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and, the court

reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

(f) Any court, including this Court, or appellate body (including their respective personnel, to include clerks, certified court reporters, stenographic reporters, and video technicians), which has cause to consider any of the issues raised in this action;

(g) Jurors and prospective jurors;

(h) Mediators engaged by the parties or the Court to assist in this litigation; or

(i) Any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

Non-Disclosure of Confidential Information

6. No person to whom Confidential Information is disclosed shall disclose such Confidential Information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the parties agree that no Confidential Information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read a copy of this Order and signed the document attached hereto as "Exhibit A," thereby indicating his or her willingness to be

bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

7. If a receiving party becomes aware that it has disclosed Confidential Material to any person or in any circumstance not authorized by this Order, such party shall immediately: (a) notify in writing the designating party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the Confidential Material; (c) provide a copy of this Order to the recipient(s) of the unauthorized disclosure; and (d) use its best efforts to obtain agreement from the recipient that s/he is bound by the Order.

## Sealed Filings

8. Documents, things and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so. Any party seeking such an order shall comply with Section G (6) of the Electronic Case Filing Administrative Policies and Procedure Manual.

9. Pursuant to <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 180-181 (4th Cir. 1988), each time a party seeks permission to make a sealed filing, it shall accompany the motion to seal with a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of

the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal. *Requests for sealing must also comply with the Local Rules of this District.*

## General Provisions

10. In the event that a party disputes the propriety of the designation of any material or information as confidential, the objecting party shall notify the producing party in writing. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. Within 14 days of the receipt of such notice, the producing party shall either withdraw the designation or specify in reasonable detail the reasons why the information is entitled to the designated status. If the producing party does not withdraw the designation within 14 days, the objecting party may apply to this Court for a ruling on the continued status of the information. The status of the information as Confidential Information shall be maintained until the Court's final ruling on

the application. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

11. At the conclusion of this litigation, *sealed documents appearing on the Court's docket will be handled in accordance with the Local Rules or Order of the Court.* ~~the parties will contact the Court to obtain any Confidential Information in the Court's files so the parties may make appropriate disposition of all Confidential Information furnished pursuant to the terms of this Order~~. At the conclusion of the litigation, the parties agree to return any Confidential Information to the party providing the Confidential Information except transcriptions of depositions taken in the course of this proceeding. Counsel for the parties may retain one copy of documents in their file in order to comply with the requirements of the North Carolina State Bar record retention rules.

12. The ultimate disposition of protected materials shall be subject to final order of the Court.

13. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the Confidential Information. Specifically, this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about

materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

14. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate, including but not limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

15. Nothing in this Order shall be deemed a waiver of the producing party's right to:

(a) oppose discovery on any grounds other than confidentiality; or

(b) object on any ground to the admission in evidence, at any trial, hearing, or public proceeding in this litigation, of any document or information produced or disclosed pursuant to this Order.

16. Pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), the disclosure of Confidential Information, whether inadvertent or otherwise, by any party shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the

specific information disclosed or as to any other information relating thereto on the same or related subject matter. The disclosure of information or material protected by the attorney-client privilege or under the work product doctrine ("Protected Information") by any party shall not be deemed a waiver or forfeiture in whole or in part of such protection – in this or any other federal or state action – and the disclosing party may request that the material be returned by the receiving party.

(a) Upon receipt of notice of the assertion of privilege or protection over produced documents or electronically-stored information ("ESI"), the receiving party will within ten (10) business days certify in writing, including specific Bates number(s), that it has returned or destroyed the applicable document(s) and/or ESI, and all copies of such, including within any database or review platform. Should the receiving party contest the producing party's assertion of privilege or protection, it will notify the producing party within five (5) days of its objection and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court.

(b) This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the disclosing party uses or

indicates that it may use information produced under this order to support a claim or defense.

(c) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Further, nothing contained herein is intended to reduce the time frame provided to the disclosing party to complete their review should they choose to do so.

(d) Nothing contained herein is intended to limit a party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(e) The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

17. A producing party that withholds documents on the grounds of attorney-client privilege and/or work product protection shall provide a metadata privilege log in an electronic spreadsheet format, with the following fields: Document Identifier, Date, Author, Email To, Email From, Email Cc, Email Bcc, File Extension, Filename/Email Subject and the privilege or protection being asserted. The privilege log will be produced within thirty

(30) days of the final document production. Should the receiving party need more information about the privilege or protection asserted over a specific document in order to assess the claim of privilege pursuant to Rule 26(b)(5)(A), the receiving party must specify in writing by Document Identifier the individual document(s) for which it is requesting additional information.

      (a)    Redacted documents need not be logged as long as, where applicable, the bibliographic information is apparent on the face of the document.

      (b)    Fully withheld email threads need only be logged as a single metadata log entry.

      (c)    Attorney-client privileged or work product communications that post-date the filing of the complaint need not be logged.

Consented to this, the 15th day of August, 2019.

/s/ Thomas K. Barlow

Thomas K. Barlow
Halligan Mahoney Williams Smith Fawley & Reagle, PA
1301 Gervais Street, Suite 900
P.O. Box 11367
Columbia, SC 29211

/s/Joseph D. Dickey, Jr.
Joseph D. Dickey, Jr.
Dickey Law Group, LLC
1817 Hampton Street
Columbia, SC 29201

*Attorneys for Plaintiff Carmella Clawson*

/s/ Stephen D. Dellinger

Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
Elizabeth H. Pratt, Bar No. 46132
epratt@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant ALLERGAN USA, INC.*

_____
W. Carleton Metcalf
United States Magistrate Judge

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL INFORMATION

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Information supplied in connection with the Proceeding, **Case No. 1:19-cv-00089.** I certify that I understand that the Confidential Information is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Proceeding. I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Information provided to me in the Proceeding in a secure manner, and that all copies of such Information is to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Information will be returned to counsel who provided me with such Information.

I declare under penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of _____, 20\_\_\_, at _____.

DATED: _____ BY: _____
Signature

_____
Title

_____
City, State, Zip

_____
Telephone Number